**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| GRETCHON POWELL, ) | |
| ID # 1607214, ) | |
|     Plaintiff, ) | |
| vs. ) | No. 3:10-CV-0194-M-BH |
| ) | |
| ELLIS COUNTY, et al., ) | |
|     Defendants. ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3-251*, this action has been referred for pretrial management.

**I. BACKGROUND**

Plaintiff, an inmate in the Texas prison system, brings this action under 42 U.S.C. § 1983 against Ellis County ("County"); Maypearl Chief of Police Lester Taylor ("Police Chief"); the City of Maypearl ("City"); Ellis County Chief Felony Prosecutor Don Maxfield ("Prosecutor"); and Texas Ranger Danny Briley ("Officer") based on his arrest in September 2008 and conviction in October 2009. (Compl. at 3-4; Answers to Magistrate Judge's Questionnaire ("MJQ Ans.")[1] 1-7.)

Plaintiff claims that on September 15, 2008, the Police Chief falsely reported that Plaintiff assaulted him, took his pistol, and tried to kill him. (Compl. at 4; MJQ Ans. 1-2.) A preliminary investigation by Ellis County Sheriff Ray Stewart was discontinued later that day because the Police Chief's "story did not add up." (MJQ Ans. 1.) The Ellis County District Attorney's Office contacted a Texas Ranger to investigate, and the next day, the Officer "went to [Plaintiff's] residence and took possession of stolen mail belonging to [Plaintiff]." (MJQ Ans. 1, 5.) On September 22,

---

[1] Answers to the questions posed by the Court constitute an amendment to the filed complaint. *See Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

2008, the Officer arrested Plaintiff in Dallas County on an invalid warrant and violated his constitutional right to remain silent by continuing to question him until he made a statement after invoking his "Miranda rights." (Compl. at 4; MJQ Ans. 5.) The Officer and an Ellis County investigator later escorted Plaintiff to a polygraph examination, during which he was "brutally interrogated" for seven hours. (MJQ Ans. 1, 5.)

Plaintiff also claims that during the investigation, the Prosecutor withheld the arrest warrant and conflicting statements by the Police Chief, tampered with Plaintiff's witnesses, and conspired with the Police Chief, the Officer, and other investigators to commit perjury at trial and tamper with evidence. (Compl. at 4, 6;[2] MJQ Ans. 1, 4.) At Plaintiff's trial on October 19, 2009, the Prosecutor suppressed exculpatory evidence and elicited perjured testimony from the Officer and the Police Chief. (MJQ Ans. 2-5.) The Officer lied about the circumstances and contents of Plaintiff's statement to him. (MJQ Ans. 4.) Ellis County investigators lied about crime scene photographs. (*Id.*) The next day, Plaintiff was convicted of aggravated assault on a public servant and burglary of a building. (Compl. at 6.)

Plaintiff claims that the County, the City, and the Officer kidnaped him when he was arrested on the invalid warrant. (Compl. at 3-4,6; MJQ Ans. 1, 5.) He also claims that the Police Chief, the Prosecutor and the Officer conspired to and did fabricate evidence, commit perjury, and tamper with evidence and witnesses, and that the Officer committed theft. (Compl. at 3.) Each defendant's gross negligence and deliberate indifference contributed to his unlawful incarceration, according to him, and he asks the Court to hold each liable and to award him actual and exemplary damages. (*Id.* at 3-4, 6.) No process has been issued in this case.

---

[2] Page 6 is an unnumbered page attached to the five-page form complaint.

## II.  PRELIMINARY SCREENING

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis*.  As a prisoner seeking redress from an officer or employee of a governmental entity, Plaintiff's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A.  *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam).  Because he is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e)(2).  Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory."  *Id.* at 327.  A claim that falls under the rule announced in *Heck v. Humphrey*, 512 U.S. 477 (1994) "is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question."  *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996).  A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

## III.  SECTION 1983

Plaintiff seeks monetary damages under 42 U.S.C. § 1983.  That section "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States" and "afford[s] redress for violations

3

of federal statutes, as well as of constitutional norms." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). To state a claim under § 1983, Plaintiff must allege facts that show (1) he has been deprived of a right secured by the Constitution and the laws of the United States; and (2) the deprivation occurred under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005).

**A. Unlawful Conviction and Imprisonment claims**

Although Plaintiff characterizes his illegal incarceration claims in various ways– gross negligence, deliberate indifference, kidnaping (or false arrest), conspiracy, perjury, evidence and witness tampering, and false imprisonment – each claim is directly tied to the alleged unlawfulness of his convictions. His claims therefore implicate *Heck v. Humphrey*, 512 U.S. 477 (1994):

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

512 U.S. at 486-87 (footnote omitted). *Heck* may also bar relief on state law claims based on the same premise as constitutional claims under § 1983. *See Hainze v. Richards*, 207 F.3d 795, 799 (5th Cir. 2000). Under *Heck*, courts must consider "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." 512 U.S. at 486-87. When success in a "§ 1983 damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying con-

4

viction or sentence." *Muhammad v. Close*, 540 U.S. 749, 751 (2004). To determine the applicability of *Heck* in a given case, the courts examine the nature of the plaintiff's convictions and the nature of the civil claims asserted. *Bush v. Strain*, 513 F.3d 492, 497 (5th Cir. 2008); *Ballard v. Burton*, 444 F.3d 391, 401 (5th Cir. 2006). When "the factual basis for the conviction is temporally and conceptually distinct" from the asserted civil claims, *Heck* does not bar the claims. *Bush*, 513 F.3d at 498.

Here, Plaintiff essentially complains that he was falsely accused, arrested on an invalid warrant based on false accusations, and ultimately unlawfully imprisoned. A false arrest is a form of false imprisonment, which requires "detention without legal process." *Wallace v. Kato*, 549 U.S. 384, 388-89 (2007). Because an essential element of Plaintiff's false arrest/imprisonment claims is that the arrest/imprisonment be illegal or without legal authority, granting relief on either claim would necessarily imply the invalidity of Plaintiff's convictions. *See Club Retro, L.L.C. v. Hilton*, 568 F.3d 181, 204 n.18 (5th Cir. 2009) (recognizing that false arrest claims may be barred by *Heck*); *Perry v. Holmes*, 152 F. App'x 404, 405 (5th Cir. 2005) (false imprisonment claims barred by *Heck*); *accord Wallace*, 549 U.S. at 393-94 (holding that *Heck* does not apply to anticipated convictions but stating in dictum that a false imprisonment claim which impugns a conviction would be barred by *Heck*). Likewise, success on Plaintiff's other claims would necessarily imply the invalidity of his convictions. *See Shaw v. Harris*, 116 F. App'x 499, 499 (5th Cir. 2004) (perjury, prosecutorial misconduct, and tampering with evidence); *Brantley v. Page*, No. 3:09-CV-2281-M, 2010 WL 304244, at *2 (N.D. Tex. Jan. 22, 2010) (accepting recommendation of Mag. J.) (unlawful interrogation leading to evidence used to convict); *Robinson v. Stone*, No. 3:09-CV-0220-B, 2009 WL 790130, at *4 (N.D. Tex. Mar. 25, 2009) (accepting recommendation of Mag. J.) (conspiracy).

5

Because Plaintiff's claims of deliberate indifference and gross negligence are only premised on conduct that allegedly led to his unlawful incarceration, success on them would also necessarily imply the invalidity of Plaintiff's convictions. *See Webb v. Owens*, 308 F. App'x 775, 776 (5th Cir. 2009) (recognizing that gross negligence claim can be barred under *Heck*); *Thomas v. Bd. of Pardons & Paroles*, No. 2:08-CV-0060, 2010 WL 742440, at *2 (N.D. Tex. Mar. 2, 2010) (adopting recommendation of Mag. J. recognizing that allegations of deliberate indifference may be barred under *Heck*).

Plaintiff has failed to demonstrate that his convictions or sentences have been reversed, invalidated, or expunged prior to bringing an action under § 1983. *See Hamilton v. Lyons*, 74 F.3d 99, 103 (5th Cir. 1996); (*see* MJQ Ans. 6-7.) These claims are therefore "legally frivolous", *see Hamilton*, 74 F.3d at 103, and should be dismissed "with prejudice to their being asserted again until the *Heck* conditions are met", *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996); *accord DeLeon v. City of Corpus Christi*, 488 F.3d 649, 657 (5th Cir. 2007).

**B. Theft Claim**

Plaintiff also asserts a theft claim against the Officer based on mail taken from Plaintiff's residence during the investigation.

Because success on the claim does not appear to affect the validity of Plaintiff's convictions, it is not *Heck*-barred. However, "random and unauthorized" deprivation of property, whether intentional or negligent, neither violates the Constitution nor states a claim under 42 U.S.C. § 1983 when adequate state post-deprivation remedies are available. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984). Texas law provides adequate state post-deprivation remedies. *Murphy v. Collins*, 26 F.3d 541, 543-44 (5th Cir. 1994); *Malone v. Pedigo*, 283 F. App'x 203, 204 (5th Cir. 2008). State

6

remedies are deemed "adequate" even though plaintiff's recovery under state law may be less appealing than a § 1983 action. *Hudson*, 468 U.S. at 535. Because Plaintiff has available state post-deprivation remedies, his claim against the Officer is frivolous under *Hudson* and should be dismissed with prejudice.

## IV. RECOMMENDATION

Plaintiff's theft claim against the Officer should be **DISMISSED** with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) for failure to state a claim upon which relief can be granted. His other claims should be summarily **DISMISSED** with prejudice as frivolous until he satisfies the conditions set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994). The dismissal of Plaintiff's complaint will count as a "strike" or "prior occasion" within the meaning 28 U.S.C. § 1915(g).[3]

**SIGNED this 5th day of April, 2010.**

*Irma Carrillo Ramirez*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[3] Section 1915(g), which is commonly known as the "three-strikes" provision, provides:
> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

7

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE